McCLANAHAN'S ADM'R *vs.* WARE—JONES et al
*vs.* SAME.

[BILL IN EQUITY—INJUNCTION.]

1. *Temporary injunction; dissolution of.*—Complainant obtained a temporary injunction, upon the ground of an alleged agreement, or understanding between him and the defendant, that a certain payment was to be made in Confederate money ; the defendant, in his answer, denied that there was any such agreement, or understanding, either express or implied ; and on motion, heard on bill and answer, the chancellor dissolved the injunction,—*held,* that in this, there was no reversible error

APPEAL from the Chancery Court of Shelby.
Heard before Hon. J. Q. LOOMIS.

THE bill in this cause was filed on the 19th November, 1866, by J. M. McClanahan, against Horace Ware, the appellee, and sought to enjoin the defendant from proceeding to sell, under mortgage, certain stock held by the complainant in the Shelby Iron Works, an incorporated company lately engaged in the manufacture of iron, in the county of Shelby. The facts of the case are thus stated in the opinion of the chancellor, delivered on the motion to dissolve the injunction : " Complainant, in connection with others, purchased of the defendant, in the early part of 1862, the property then known as the Shelby Iron Manufacturing Company, consisting of large beds of iron ore, coal beds, lands, furnaces, machinery, shops, and other buildings, for which they were to pay $150,000. This sum was to be divided into shares, and held as stock ; each purchaser or stockholder was to execute his notes to defendant for his proportion of the stock, and to give a mortgage on his shares to secure the payment of his notes. The notes and mortgages were executed by all the parties except the complainant. It seems that some previous transactions had taken place between complainant and defendant ; complainant held a judgment against the defendant amount-

ing to some $12,000, which was to go in part payment of
the amount due defendant. * * * * The company was
formed, and the defendant became a party to its organiza-
tion; the business of manufacturing iron commenced, and
was carried on until the spring of 1865, when the works
were destroyed by the United States forces under Wilson.
In April, 1865, complainant and defendant had a settlement.
The judgment against the defendant was satisfied, and a
note for the balance due, executed by the complainant,
together with a mortgage on his stock to secure its pay-
ment. This settlement was made as of 1862, the date of
the purchase from defendant; fifteen hundred dollars in
United States currency has been paid on the note by the
plaintiff, but failing to pay the balance, the defendant ad-
vertises to sell the stock under the mortgage, and to enjoin
this sale, the bill is filed. The plaintiff sets up the fore-
going facts, and further insists, that at the time of the
purchase in 1862, it was understood that the valuation was
upon the basis of Confederate States currency, and that
the value of the property purchased, instead of being
$150,000, was not more than $50,000 in gold at the time of
the purchase, and that he has already paid the defendant
the full value of the stock in the satisfaction of the judg-
ment and the payment of the $1,500." The allegation in
the bill that it was understood that the consideration of
the purchase was to be paid in Confederate currency, is
explicitly denied in defendant's answer, which is made
under oath. The motion to dissolve the injunction was
heard on bill and answer. The chancellor granted the
motion and dissolved the injunction. The death of the
complainant having been suggested, A. A. Sterrett, as ad-
ministrator, with the will annexed of said complainant, was
made party complainant. He appealed, and assigns the
granting of said motion as error.

The questions raised in the case of *A. T. Jones et al v.
Horace Ware*, being almost identical with this case, it was
affirmed on the authority of this case.

MORGAN & LAPSLEY, for appellant.
ALEX. WHITE, *contra*.

A. J. WALKER, C. J.—The only ground upon which the temporary injunction in this case could have been placed, was the agreement or understanding as to the payment in Confederate money. Such agreement or understanding, whether express or implied from circumstances, is denied by the answer.—*Schieble v. Bacho*, January term, 1868. The chancellor committed no reversible error in dissolving the injunction. No other point pertaining to the regularity of the decree dissolving the injunction has been presented in argument, and it is prudent for us to abstain from expressing an opinion on any other point.

Affirmed.